PER CURIAM.
In this case, mobile home park tenants in the park owned and operated by the appel-lee appeal from orders of the trial court which (1) found that rental increases were not unconscionable; (2) found in favor of the appellee on the appellants’ claim for damages for the appellee’s violations of its statutory duties, notwithstanding the verdict of the jury; and (3) awarded attorney’s fees and costs in favor of the appellee. We reverse.
The appellants filed a two-count complaint alleging (1) rent increases above fair market rental value (FMV) which they claimed were unconscionable and (2) violations of the appellee’s statutory duty as defined in section 723.022, Florida Statutes (1989), to maintain the common areas and utility systems and to provide access to the facilities. Before the parties presented evidence on the issues in open court, the jury personally viewed the park to observe the allegedly deteriorated condition of the premises firsthand. At trial the jury heard evidence of the diminution of services. The jury then listened to expert testimony on what FMV for similar parks would be for the years in question. Under count one, the jury found fair market rental values for the lots in the park that were substantially lower than the rents actually charged. The differences between FMV as found by the jury and the higher rents actually charged for the years at issue ranged from a low of 15% to a high of 55% with the most recent year at 50% above FMV. Despite the jury’s finding of FMV, the trial court held as a matter of law that such increases were not unconscionable. The jury also determined that, under count two, the appellants suffered quantifiable damages as a result of the appellee’s violations of its statutory duties as set forth in section 723.022, Florida Statutes (1989). The trial court determined that these damages as found by the jury were grossly speculative and without factual or economic basis. Accordingly, the trial court entered judgment for the appellee on count one and judgment for the appellee notwithstanding the verdict of the jury on count two. In a separate order, the court awarded the appellee attorney’s fees and court costs.
We do not agree with the trial court that increases ranging from 15% to 55% above fair market value, coupled with deterioration of the premises and diminution of services, are not unconscionable as a matter of law. There are significant differences between the facts as found by the jury in this case, which we find were based on substantial competent evidence, and the circumstances of our recent case of Belcher v. Kier, 558 So.2d 1039 (Fla. 2d DCA), petition for review denied, 570 So.2d 1305 (Fla.1990). There we held that mobile home lot rental increases ranging from 6.6% to 15.9% above FMV with no evidence of decrease in amenities or services were not unconscionable as a matter of law. The facts of Belcher are materially different than those of the instant case. Unlike evidence of a premier park at issue in Belcher, at trial in the case before us, there was evidence before the jury of, among other things, cracked and gaping walls in the common buildings, unkempt premises and septic tanks overflowing to create cesspools in addition to locked-up recreational areas that needed 24-hours notice before use. Under the circumstances of this case, *652 we find that the increases were unconscionable. Accordingly, we reverse the contrary finding of the trial court in its disposition of count one.
We must also reverse the judgment on count two which held that the damages as determined by the jury were too speculative and without factual or economic basis. Despite difficulty in assigning a numerical value to deterioration of common elements in the park and diminution of services and access, the jury viewed the park and had competent substantial evidence before it of such deterioration and diminution. Therefore, the values it assigned as damages should not have been set aside unless they “shocked the judicial conscience.” No such basis exists here.
We reverse and remand with instructions to the trial court to enter a judgment in favor of the appellants as to damages for the statutory violations and to fashion equitable relief for the unconscionable rents for the years in question guided by the criteria set out in section 723.033, Florida Statutes. As the appellee is no longer the prevailing party, the order awarding it fees and costs is also reversed. Upon remand, the trial court shall award the appellants their fees and costs instead.
RYDER, A.C.J., and DANAHY and CAMPBELL, JJ., concur.